# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 96-10071-02-WEB |
| JIMMY T. DAVIS, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Now before the Court is the motion of Defendant Jimmy T. Davis, to reduce his sentence under the provisions of 18 U.S.C. §3582(c)(2). (Doc. 219). A review of the record reflects that defendant was convicted on January 24, 1997 of: count one Bank Robbery in violation of 18 U.S.C. § 2113(a); count two Possession of Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1); and count four Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). (Doc. 74). Defendant was sentenced under the Armed Career Criminal Act on October 6, 1997 and received a sentence of 322 months imprisonment. (Doc. 159); 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4. The Court imposed a 240 month sentence for count one, a 60 month sentence for count two and a 262 month sentence for count four. (Id.). Counts one and four were to run concurrently and count two was to run consecutively with counts one and four. (Id.).

Title 18 U.S.C. Section 3582(c), states:

> The court may not modify a term of imprisonment once it has been imposed except that - (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the director of the Bureau of Prisons or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in §3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The United States Sentencing Guidelines (U.S.S.G.) state:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. §3582(c)(2).

U.S.S.G. §1B1.10(a).

Amendment 599 is listed in part (c) of the above section and it amends Application Note 2 of U.S.S.G. § 2K2.4 (Use of Firearm...During or in Relation to Certain Crimes). It states:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).

U.S.S.G., Supp. to App. C, Amend. 599 (2000); U.S.S.G. §1B1.10(c).

As an armed career criminal under 18 U.S.C. § 924(e), Defendant was sentenced using U.S.S.G. § 4B1.4, which states:

> (b)  The offense level for an armed career criminal is the greatest of:
> (1)   The offense level applicable from Chapters Two and Three; ...
> (3)   (A) 34, if the defendant used or possessed the firearm...in connection with either a crime of violence, as defined in § 4B1.2(a)...
>      (B) 33, otherwise.

U.S.S.G. § 4B1.4(b).

Defendant argues that the Court double counted when it applied U.S.S.G. § 4B1.4(b)(3)(A) and used 34 as the offense level because the Court also sentenced Defendant for use of a firearm in relation to a crime of violence. 18 U.S.C. § 924(c)(1). Defendant argues that Amendment 599 proscribes such double counting; accordingly, he should be sentenced using an offense level of 33 instead of 34. U.S.S.G. § 4B1.4(b). The Court disagrees.

Amendment 599 prevents weapon enhancements of an underlying offense when a Defendant is also sentenced under 18 U.S.C. § 924(c)(1), possession of a firearm in relation to a crime of violence. This is done to avoid double counting. However, the plain language of Amendment 599 limits its application to weapon enhancements of the underlying offense.

Defendant's underlying offense for his 18 U.S.C. § 924(c)(1) count was bank robbery. The adjusted offense level for bank robbery was 25; however, the Court did not apply level 25 because Defendant was eligible to be sentenced as an armed career criminal under U.S.S.G. § 4B1.4. Under U.S.S.G. § 4B1.4, a Court should apply the greater sentence of either the adjusted offense level for the underlying offense or 34. The Court sentenced Defendant using level 34. This offense level was not based on the underlying offense (bank robbery); rather, it was based on Defendant's lifetime of relevant criminal activity. *See United States v. Hickey*, 280 F.3d 65, 69 (1st Cir. 2002), cert. denied, 537 U.S. 855 (2002). Defendant's status as an armed career criminal is not the underlying offense for 18 U.S.C. § 924(c)(1); hence, the Court cannot use Amendment 599 to modify the sentence using a level 33. *United States v. Sanders*, 372 F.3d 1183, 1186 (10th Cir. 2004) (Amendment 599 not available to reduce a sentence given under U.S.S.G. § 4B1.4).

Defendant next argues that U.S.S.G. § 4B1.4 proscribes an offense level of 34 under subsection (b)(3)(A) when a defendant is also sentenced under § 924(c). Application note 2 of U.S.S.G. § 4B1.4 reads:

> If a sentence under this guideline is imposed in conjunction with a sentence for a conviction under...§ 924(c)...do not apply [] subsection (b)(3)(A)...A sentence under...§ 924(c)...accounts for the conduct covered by subsection[] (b)(3)(A)...because of the relatedness of the conduct covered by these subsections to the conduct that forms the basis for the convictions under... § 924(c).

U.S.S.G. § 4B1.4.

Defendant's argument is misleading because the Guidelines did not read this way when Defendant was sentenced. In 2004, Amendment 674 changed U.S.S.G. § 4B1.4 to read as it does above, thereby alleviating the sort of double counting about which Defendant complains. Unfortunately for Defendant, this Amendment has not been made retroactively applicable. U.S.S.G. §1B1.10(c). Consequently, it does not provide a basis for relief under 18 U.S.C. § 3582(c)(2).

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's motion for relief under the provisions of 18 U.S.C. Section 3582 (Doc. 219) be DENIED;

SO ORDERED this 14th day of February, 2006.

   s/ Wesley E. Brown

   Wesley E. Brown, Senior U.S. District Judge